| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:  8/7/2023   |
| JASMINE TORO, *Individually and on Behalf of Others Similarly Situated*,<br><br>                                  Plaintiff,<br><br>-against-<br><br>U.S. RETAIL FLOWERS INC.,<br><br>                                  Defendant. | 22-cv-7076 (MKV)<br><br>ORDER OF DISMISSAL |

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff initiated this case on August 19, 2022 and later filed proof of service [ECF Nos. 1, 5]. However, thereafter, Defendant did not answer or otherwise appear, and Plaintiff did not take any action to prosecute this case. Thus, on July 25, 2023, the Court issued an Order To Show Cause directing Plaintiff to file a letter by July 28, 2023 explaining why this case should not be dismissed with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [ECF No. 6]. The Court also directed Plaintiff and her counsel to explain why the Court should not resort to "some other sanction 'less drastic than dismissal,'" such as imposing monetary sanctions on Plaintiff's counsel, citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). The Court also specified that "Plaintiff personally" was "on notice" that she is ultimately responsible for prosecuting this case, which may be dismissed because of her chosen counsel's conduct. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). To date, Plaintiff and her counsel have simply ignored the Court's Order To Show Cause.

      The Second Circuit has instructed district courts to consider at least five factors before dismissing a case for failure to prosecute and comply with court orders pursuant to Rule 41(b). The district court must weigh: (1) the duration of the plaintiff's failure to prosecute or comply with a court order; (2) whether the plaintiff was on notice that failure to prosecute and comply with

court orders would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a hearing; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 217.

The Court has carefully considered each of these factors and concludes that dismissal is warranted. With the exception of filing proof of service, Plaintiff has apparently done nothing to prosecute her case since initiating this action more than a year ago. The Court put Plaintiff and her counsel on notice that failure to prosecute could result in dismissal [ECF No. 6]. Instead of taking any action to avoid dismissal, Plaintiff and her counsel simply ignored a court order. The possibility of the Court imposing monetary sanctions on Plaintiff's counsel did not prompt any response. Moreover, while the Court has a strong interest in managing its docket, Plaintiff does not appear to have a strong interest in being heard on the merits of this case, since she has done virtually nothing to prosecute the case for more than a year. It is not an efficient use of judicial resources for the Court to attempt to goad Plaintiff and her counsel into compliance while this case continues to languish on the Court's docket.

Accordingly, the above-captioned case is dismissed, pursuant to Rule 41(b), for failure to prosecute and to comply with a court order. The Clerk of Court respectfully is directed to close this case.

**SO ORDERED.**

Date: **August 7, 2023**
**New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**